IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVA MARIA AQUINO MELENDEZ,

    Petitioner,                              No. CIV S-09-0214 LKK DAD P

    vs.

MARK CHANDLESS, et al.,

    Respondents.                     ORDER TO SHOW CAUSE

/

          Petitioner, a detainee at the Yuba County Jail[1], has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion for a preliminary injunction. In her habeas petition, petitioner asks the court to vacate a deportation order entered against her, to release petitioner from detention, to award her costs, and to find that the immigration judge lacked the authority to issue the deportation order in absentia and that petitioner's detention is unlawful. In her motion for preliminary injunction, petitioner seeks an order enjoining respondents from detaining her until there is a showing that the order deporting her in absentia was entered in accordance with the Immigration and Nationality Act.

/////

---

[1] Petitioner was allegedly arrested by Department of Homeland Security agents on September 10, 2008. (Petition ¶ 57 at 9.)

1

## BACKGROUND

Petitioner alleges as follows. She is a citizen and national of the Philippines. She left the Philippines on or about July 14, 1994 and entered the United States on a visitor visa. (Petition ¶¶ 26-25 at 5-6.) She had permission to remain in the United States until January 13, 1995. (Id. ¶ 29 at 6.)

On January 3, 1995, attorney Sydney Hall submitted an asylum application on petitioner's behalf. (¶ 32 at 6.) Following an interview with immigration officials at the Asylum Office in San Francisco, on or about March 1, 1995, the immigration authorities referred petitioner's case to the Office of the Immigration Judge in San Francisco (IJ). (Id. ¶ 35 at 6.) Petitioner was provided an "order to show cause" which stated that she was deportable and was required to appear before the IJ on May 4, 1995, at 2:30 p.m. (Id. ¶ 36 at 6-7.)

On May 4, 1995, petitioner appeared before the IJ, but the hearing was continued to June 22, 1995 at 2:30 p.m. (Id. ¶¶ 37-38 at 7.)

On June 22, 1995 at 2:00 p.m., petitioner's attorney entered an appearance on behalf of petitioner but petitioner was not present. (Id. ¶¶ 40-41 at 7.) The IJ conducted the hearing and ordered petitioner's deportation in absentia pursuant to 8 U.S.C. § 1252b(c)(1)[2]. (Id. ¶ 39 at 7.)

/////

/////

---

[2] Title 8 U.S.C. section 1252b(c)(1) (1995) provides:

> Any alien who, after written notice required under subsection (a)(2) of this section has been provided to the alien or the alien's counsel of record, does not attend a proceeding under section 1252 of this title, shall be ordered deported under section 1252(b)(1) of this title in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is deportable. The written notice by the Attorney General shall be considered sufficient for purposes of this paragraph if provided at the most recent address provided under subsection (a)(1)(F) of this section.

On March 25, 1997, petitioner, through attorney Claro Mamaril, filed a motion with the IJ seeking to reopen the proceedings pursuant to 8 U.S.C. § 1252b(c)(3)(A)[3] on the basis that attorney Hall's ineffective representation constituted "exceptional circumstances." (Id. ¶ 43 at 7-8.) On April 8, 1997, the IJ denied the motion on the grounds that it was untimely and due to other noted deficiencies. (Id. ¶ 47 at 8.)

Attorney Mamaril filed an appeal of the IJ's decision with the Board of Immigration Appeals (BIA). (Id. ¶ 48 at 8.) While that appeal was pending, attorney Bert Vega filed a motion on petitioner's behalf to remand the matter with the BIA. (Id. ¶ 49 at 8.) The motion was based on the grounds that petitioner's husband had become a U.S. citizen, that petitioner was now eligible to adjust her status to that of a legal permanent resident, that her husband had filed a petition to classify petitioner as an immediate relative immigrant, and that the IJ had conducted the in absentia hearing at 2:00 p.m. when the noticed hearing was scheduled for 2:30 p.m. (Id. ¶¶ 49, 51 at 8.) In the motion counsel on behalf of petitioner argued that the rescheduling of the hearing before the IJ violated petitioner's due process rights under the Fifth Amendment. (Id. ¶ 52 at 9.)

On April 27, 1999, the BIA dismissed petitioner's appeal and denied her motion to remand. (Id. ¶ 53 at 9.)

/////

/////

---

[3] Title 8 U.S.C. section 1252b(c)(3)(A) (1997) provides that a deportation order in absentia may be rescinded only

> upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (f)(2) of this section) . . .

Under 8 U.S.C. § 1252b(f)(2), "[t]he term 'exceptional circumstances' refers to exceptional circumstances (such as serious illness of the alien or death of an immediate relative of the alien, but not including less compelling circumstances) beyond the control of the alien."

1   Attorney Vega filed a petition for review with the United States Court of Appeals
2   for the Ninth Circuit.  On January 9, 2001, that court denied the petition for review, agreeing
3   with the reasoning of the BIA that reopening was unwarranted.  (Id. ¶ 55 at 9.)
4   On November 5, 2008, attorney Jesse Lloyd filed a motion on petitioner's behalf,
5   requesting that the BIA exercise its authority to reopen the deportation proceedings sua sponte.
6   (Id. ¶ 58 at 10.)  The motion was denied on December 5, 2008.  (Id. ¶ 60 at 10.)
7   On January 24, 2009, counsel on behalf of petitioner filed the petition for writ of
8   habeas corpus now pending before this court.[4]  On January 26, 2009, petitioner filed her motion
9   for preliminary injunction.  According to attorney Sekhon's declaration filed in support of the
10  motion for preliminary injunction, petitioner has filed a motion to reopen with both the IJ and
11  BIA seeking rescission of her deportation order on the ground that the deportation order entered
12  in absentia in her case is unlawful. (Sekhon Decl. ¶¶ 5-6 at 2.)  If that motion is denied by the
13  BIA, petitioner's counsel states that petitioner will file a petition for review with the U.S. Court
14  of Appeals for the Ninth Circuit.  (Id. ¶ 7 at 2.)

## ANALYSIS

Neither the pending habeas petition nor the motion for preliminary injunction identify the jurisdictional basis upon which petitioner relies in seeking review in this court.  The REAL ID Act of 2005 eliminated the habeas jurisdiction of district courts over orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the court of appeals.  Iasu v. Smith, 511 F.3d 881, 888 (9th Cir. 2007); Puri v. Gonzales, 464 F.3d 1038, 1031 (9th Cir. 2006); see also Mejia-Espinoza v. Mukaksey, No. CV 08-7984-FMC (PLA), 2009 WL 235625, at * 2 (C.D. Cal. Jan. 27, 2009).  The applicable provision of the Act provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title,

---

[4] In this federal habeas action petitioner is represented by attorney Jagdip Singh Sekhon of the law firm of Sekhon & Sekhon.

4

> a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" includes habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5) (emphasis added).

Here, it appears that petitioner has challenged the constitutionality of the deportation order both with the BIA and in the Ninth Circuit Court of Appeals. Those efforts were unsuccessful. Petitioner is now attempting to proceed with a habeas petition that again challenges the constitutionality of that deportation order. It appears clear that this district court lacks jurisdiction to hear that challenge. However, in an abundance of caution, the court will order petitioner to show cause why this action should not be dismissed for lack of jurisdiction or be transferred to the Ninth Circuit Court of Appeals. In light of this order, the court will also vacate the hearing on the motion for preliminary injunction.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. The hearing on petitioner's motion for preliminary injunction, set for February 27, 2009 before the undersigned, is vacated; and

2. Within ten days from the date of this order, petitioner shall show cause why her petition for writ of habeas corpus should not be dismissed for lack of jurisdiction or be transferred to the U.S. Court of Appeals for the Ninth Circuit.

DATED: February 9, 2009.

DAD:4
mele0214.osc

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE